UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KHURSHEEDALAM KHAN,

Petitioner

v.

MARK BOWEN, et al.,

Respondents.

Case No. 5:26-cv-00578-MCS-SP

**ORDER RE: REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which Respondents have objected.

The Report contains a citation error on page 9 when noting that Respondents previously determined Petitioner presented neither a risk of flight nor a danger to the community when they released him on parole. Rather than citing 8 C.F.R. § 212.5(b) (which concerns humanitarian parole and is not at applicable here), the Report should have cited 8 C.F.R. § 236.1(c)(8) (permitting conditional parole of an alien where the officer is satisfied that "release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceedings").

1

The Court accepts the findings and recommendation of the Magistrate Judge that the Court has jurisdiction over this petition. (R. & R. 4–6, ECF No. 11.) 8 U.S.C. § 1252(g) does not strip the Court of jurisdiction over the instant petition, and Petitioner's post-filing transfer to a detention facility outside the territorial jurisdiction of the Central District of California does not divest the Court of jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

The Court also accepts the Magistrate Judge's findings and recommendation that Petitioner's detention violated his right to procedural due process under the Fifth Amendment. (R.& R. 6–8.)

However, the Court disagrees with the Magistrate Judge's findings and recommendation that the appropriate remedy for the violation is immediate release. (R. & R. 10.) Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases). The facts and procedural posture here militate in favor of a conditional order of release. Petitioner claims he was re-detained without adequate procedural safeguards. (*See generally* Pet., ECF No. 1.) Respondents offer evidence indicating that Petitioner allegedly committed five violations of the terms of his supervision. (Objs. to R. & R. Ex. A, at 2, ECF No. 13-1 (claiming Petitioner "has committed 5 violations of the ISAP program including 2 home visits").) While Respondents contend these violations are "sufficient to show materially changed circumstances" that justify Petitioner's re-detention, (Objs. to R. & R. 7, ECF No. 13), the Court lacks jurisdiction to make such a determination, 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation . . . of bond or parole."). The open factual question as to whether Petitioner in fact violated the terms of his

release, which an immigration judge must answer in the first instance, weighs against ordering the broad remedy of immediate release.

Instead, the Court exercises its discretion to order a conditional order of release. Petitioner should be provided with a prompt hearing before a neutral immigration judge to challenge his continued detention pursuant to 8 U.S.C. § 1226(a). Prompt, post-deprivation process can cure certain pre-deprivation due process deficiencies. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him"); *Aguilar v. Semaia*, No. 5:26-CV-00023-MCS, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (Scarsi, J.) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing). A neutral immigration judge can determine, on a more developed record, whether Respondents had the authority to re-detain Petitioner and whether Petitioner is entitled to bond. If Petitioner is denied bond, he will be able to appeal that denial to the Board of Immigration Appeals.

IT IS THEREFORE ORDERED that Judgment be entered granting the Petition. Respondents shall provide Petitioner with an individualized bond hearing before a neutral immigration judge within seven days of entry of this Order, in accordance with 8 U.S.C. § 1226(a). If Respondents do not provide Petitioner with an individualized bond hearing within seven days, they must immediately release him.

**IT IS SO ORDERED.**

Dated: March 23, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

3